1

2

3

4

5                        **UNITED STATES DISTRICT COURT**

6                        **EASTERN DISTRICT OF CALIFORNIA**

7

8    CARLOS ISMAEL SANCHEZ,                        CASE No. 1:13-cv-00696-AWI-DLB (PC)

9                        Plaintiff,               FIRST SCREENING ORDER DISMISSING
                                                  PLAINTIFF'S COMPLAINT, WITH
10           v.                                   LEAVE TO AMEND

11   J. KIM AND DR. ULIT,                         (ECF No. 1)

12                        Defendants.             THIRTY-DAY DEADLINE

13

14   **I.    Background**

15          Plaintiff Carlos Ismael Sanchez ("Plaintiff") is a prisoner in the custody of the California

16   Department of Corrections and Rehabilitation ("CDCR").  Plaintiff filed his original complaint on

17   May 13, 2013, and is proceeding pro se and in forma pauperis in this civil action pursuant to 42

18   U.S.C. § 1983.

19          The Court is required to screen complaints brought by prisoners seeking relief against a

20   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

21   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

22   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

23   monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1),(2).

24          A complaint must contain "a short and plain statement of the claim showing that the

25   pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

26   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

27   conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

28   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

1  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting

2  *Twombly*, 550 U.S. at 570).   While factual allegations are accepted as true, legal conclusions are

3  not. *Id.*

4  **II.    Summary of Complaint**

5          Plaintiff was incarcerated at California State Prison-Corcoran ("CSP") in Corcoran,

6  California, where the events giving rise to this action occurred.   Plaintiff names K. Kim

7  (physician), and Dr. Ulit (physician) as defendants in this action.

8          Plaintiff alleges the following.   In September 2010, Plaintiff was transferred from

9  Centinela State Prison to CSP.   In October 2010, Plaintiff saw Defendant Kim for medical

10  services.   Plaintiff informed Defendant Kim that he had pain in his stomach for the last two

11  months.   Defendant Kim told Plaintiff that it was just heartburn.   After several months of severe

12  pain in his stomach, Plaintiff saw Defendant Kim again.   Defendant Kim again told Plaintiff that it

13  was only heartburn, and he prescribed Plaintiff medication for heartburn.   Plaintiff saw Defendant

14  Kim in August 2011 for the same stomach pain.   Defendant Kim refused to give Plaintiff a

15  physical examination and told Plaintiff to "deal with the pain."

16          In September 2011, Plaintiff saw Defendant Ulit for the same pain.   Defendant Ulit

17  informed Plaintiff that he supported Defendant Kim's diagnosis and told Plaintiff that he was

18  having a case of bad heartburn.   In January 2012, Plaintiff saw Defendant Ulit again.   Defendant

19  Ulit told Plaintiff that no physical exam was needed and prescribed a different type of heartburn

20  medication.   In May 2012, Plaintiff saw P.A. Sisodia and had a stool test.   On April 8, 2013,

21  Plaintiff learned that he had an infection in his stomach and was prescribed several medications.

22          Plaintiff alleges that he suffered severe pain, mental anguish, stress, and duress as a result

23  of Defendants' failure to properly diagnose him.   Defendants repeatedly delayed and/or refused to

24  perform proper tests for adequate medical care.

25          Plaintiff asserts violations of the Eighth Amendment. Plaintiff requests compensatory and

26  punitive damages as relief.

27  ///

28  ///

**III.   Analysis**

   A.   <u>Eighth Amendment—Medical Deliberate Indifference</u>

   Plaintiff raises claims under Section 1983 for violation of the Eighth Amendment's prohibition against cruel and unusual punishments.  To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain."  *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981).  A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it."  *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

   To maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) a deliberately indifferent response by defendant.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  *Id.* The failure to respond to a prisoner's complaints of pain can be sufficient to support an Eighth Amendment claim.  *Snow v. McDaniel*, 681 F.3d 978, 990 (9th Cir. 2012); *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002).  However, deliberate indifference must be shown and it is a high legal standard.  *Toguchi*, 391 F.3d at 1060 (quotation marks omitted).  "Under this standard, the

3

prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Here, Plaintiff fails to state a claim for medical deliberate indifference against any defendants. Defendants Kim and Ulit treated Plaintiff for his stomach pain several times, diagnosed the problem, and prescribed various medications. Although Plaintiff alleges that Defendants incorrectly diagnosed the problem, which caused him to suffer additional pain, medical malpractice does not become a constitutional violation merely because the victim is a prisoner. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Accordingly, Plaintiff fails to state any claims for medical deliberate indifference to support an Eighth Amendment claim.

B.     State Law Claims—Medical Malpractice

California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Superior Court of Kings Cnty. (Bodde)*, 32 Cal. 4th 1234, 1245 (2004); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. *State v. Superior Court*, 32 Cal.4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff has not alleged compliance with the Tort Claims Act and therefore fails to state a claim for medical malpractice against any defendants.

///

4

1    **IV.    Conclusion and Order**

2            Plaintiff's Complaint fails to state any cognizable federal claims against any Defendants.

3    The Court will provide Plaintiff with an opportunity to file an amended complaint curing the

4    deficiencies identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th

5    Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his

6    amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

7    complaints).  Plaintiff is further advised that the Court cannot direct the United States Marshal to

8    effect service of process for any cognizable claims in an amended complaint until Plaintiff is able

9    to provide the identity of at least one defendant.

10           If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ.

11   P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's

12   constitutional or other federal rights.  *See Iqbal*, 556 U.S. at 678.   Although accepted as true, the

13   "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."

14   *Twombly*, 550 U.S. at 555.

15           Finally, Plaintiff is advised that an amended complaint supersedes the original complaint,

16   *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) overruled in part on other grounds,

17   *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc); *King v. Atiyeh*, 814 F.2d

18   565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or

19   superseded pleading," Local Rule 220.

20           Accordingly, it is HEREBY ORDERED that:

21           1.    The Clerk's Office shall send Plaintiff a complaint form;

22           2.    Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an

23   amended complaint within thirty (30) days from the date of service of this order;

24           3.    Plaintiff may not add any new, unrelated claims to this action via the first amended

25   complaint and any attempt to do so may result in an order striking the first amended complaint;

26   and

27   ///

28   ///

1    4.    If Plaintiff fails to file an amended complaint in compliance with this order, this

2    action will be dismissed, with prejudice, for failure to state a claim.

3

4    IT IS SO ORDERED.

5    Dated:    **April 1, 2014**                              /s/ *Dennis L. Beck*

6                                                    UNITED STATES MAGISTRATE JUDGE